United States Courts
Southern District of Texas
FILED
August 11, 2023
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. |
| Plaintiff, | **4:23-cr-00351** |
| v. | |
| PETER J. TIGNINI, | |
| Defendant. | |

## Criminal Information

The United States Attorney charges:

## General Allegations

1.     PETER JOSEPH TIGNINI, a U.S. citizen, worked in the United Arab Emirates (UAE) and Qatar during tax years 2012 to 2018.

2.     During tax years 2013 through 2018, TIGNINI earned the following income:

| Year | Income |
|---|---|
| 2013 | $463,075 |
| 2014 | $796,060 |
| 2015 | $1,206,902 |
| 2016 | $1,101,910 |
| 2017 | $608,662 |
| 2018 | $606,422 |
| **Total** | **$4,783,031** |

1

3. The Internal Revenue Service (IRS) is an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4. U.S. citizens are obligated to report to the IRS all income earned, regardless of where they earned it, on a U.S. Individual Income Tax Return (IRS Form 1040) each year, and they are required to pay the taxes due on that income.

5. The Foreign Earned Income (FEI) exclusion allows a U.S. citizen who lived and worked in a foreign country for a significant portion of any tax year to exclude a portion of their income earned outside the United States from their taxable income. As described below, the maximum FEI exclusion has increased slightly over time, but during the relevant years, U.S. citizens living and working abroad could exclude the first $100,000 (approximately) of their salary from their taxable income.

6. As part of his employment, TIGNINI signed a contract with his employer stating that TIGNINI was responsible for submitting his

own tax returns and paying the corresponding tax. The employer had a "Tax Equalization" program that it offered to employees who were U.S. citizens; however, TIGNINI was never enrolled in such a program, and TIGNINI knew he was never enrolled in such a program.

7. TIGNINI directed his income to be deposited into foreign bank accounts, including accounts in the UAE and Qatar.

8. On or about February 2, 2014, TIGNINI and his wife jointly filed an individual income tax return, IRS Form 1040, with the IRS for tax year 2013. TIGNINI signed this return under penalty of perjury, and he materially underreported his income, instead reporting income slightly above the FEI exclusion limit for 2013.

9. On or about August 15, 2019, TIGNINI and his wife jointly filed belated individual income tax returns, IRS Forms 1040, with the IRS for tax years 2014 through 2017. TIGNINI signed each return under penalty of perjury. On each return, TIGNINI materially underreported his income, instead reporting income below the FEI exclusion limit for 2014 through 2017.

10. Neither TIGNINI nor his wife filed an individual income tax return, IRS Form 1040, for tax year 2018.

11.  During tax years 2013 through 2018, the annual FEI exclusion limit, TIGNINI's and his wife's income as reported on his individual income tax returns, TIGNINI's actual income, and the loss to the United States resulting from TIGNINI's underreporting of his income were as follows:

| Year | FEI Exclusion Limit | TIGNINI's Claimed Income | TIGNINI's Actual Income | Loss to the U.S. |
|---|---|---|---|---|
| 2013 | $97,600 | $98,000 | $463,075 | $133,717 |
| 2014 | $99,200 | $96,000 | $796,060 | $238,811 |
| 2015 | $100,800 | $97,000 | $1,206,902 | $322,414 |
| 2016 | $101,300 | $100,000 | $1,101,910 | $250,990 |
| 2017 | $102,100 | $100,000 | $608,662 | $101,732 |
| 2018 | $104,100 | N/A | $606,422 | $121,684 |
|  |  |  | **Total Loss:** | **$1,169,348** |

12.  On or about February 11, 2020, Special Agents with the Internal Revenue Service – Criminal Investigation (IRS-CI), interviewed TIGNINI, at which time they introduced themselves as IRS-CI Special Agents and questioned TIGNINI about his tax returns. At first, TIGNINI claimed that he did not file or mail the belated returns for tax years 2014 through 2017, stating instead that he was in Dubai at the time the returns were mailed from Texas. However,

TIGNINI later acknowledged that he moved to Texas four months before the belated returns were filed.

13. On or about June 3, 2021, TIGNINI used an internet application to manipulate his contract and payroll documents between himself and his former employer. TIGNINI fraudulently altered the contract to appear as if his former employer was responsible for submitting his tax returns and paying the corresponding tax, and that TIGNINI had been enrolled in the employer's "Tax Equalization" program. Likewise, TIGNINI fraudulently altered the payroll documents to make them appear as if his former-employer made "Tax Equalization" payments to the IRS on TIGNINI's behalf. TIGNINI saved both the original documents and the altered documents to his account with the internet application.

14. On or about October 4, 2022, attorneys representing TIGNINI met with the Department of Justice, Tax Division, and an IRS-CI Special Agent. TIGNINI caused his attorneys to provide to the government the fraudulently-altered documents that TIGNINI created and caused his attorneys to represent that TIGNINI believed that his

employer had filed individual income tax returns and paid the corresponding taxes on his behalf.

15. TIGNINI also represented, through counsel, that he had not created the altered documents but rather received the altered employment contracts and payroll documents from a witness (Witness A) who had purportedly secured the documents from another, anonymous witness.

16. Tax Division prosecutors and IRS-CI Special Agents scheduled an interview with Witness A on March 7, 2023. On or about March 1, 2023, TIGNINI caused the altered documents to be sent to Witness A.

17. On or about March 7, 2023, Tax Division prosecutors and IRS-CI Special Agents asked Witness A if he was familiar with the internet application that Tignini used to alter his contract and payroll documents. That day, TIGNINI attempted to delete both the original documents and the altered documents saved to his account with the internet application.

## Count One

18. The allegations in paragraphs 1 through 17 are realleged and incorporated by reference as though fully set forth herein.

19. From on or about January 1, 2015, through on or about March 7, 2023, in the Houston Division of the Southern District of Texas and elsewhere,

## PETER J. TIGNINI,

willfully attempted to evade and defeat the substantial income tax due and owing by him and his spouse to the United States of America of approximately $322,414 for the tax year 2015, by committing the following affirmative acts, among others:

(a) directing his employer to deposit his calendar year 2015 income of approximately $1,206,902 into foreign bank accounts;

(b) preparing and causing to be prepared and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, IRS Form 1040, which was submitted to the IRS, and which was materially false in that the tax return reported that his and his spouse's joint total taxable income was $0, when, in fact, as he knew, he and his spouse had joint taxable income well in excess of that amount;

(c) creating and causing to be submitted to the U.S. Department of Justice and an IRS-CI Special Agent documents which were materially false in that they stated that he was enrolled in his former-employer's "Tax Equalization" program and that the company was responsible for submitting and settling his annual tax returns, when in fact he was not enrolled in the company's "Tax Equalization" program and he was responsible for submitting and settling his annual tax returns; and

(d) attempting to delete from his account with an internet application the false documents that he caused to be submitted to the U.S. Department of Justice and an IRS-CI Special Agent and attempting to delete the original documents he used to create the false documents.

In violation of Title 26, United States Code, Section 7201.

Alamdar S. Hamdani
United States Attorney
Southern District of Texas

_____
Sean Beaty
Senior Litigation Counsel
Brian Flanagan
Trial Attorney
U.S. Department of Justice
Tax Division
150 M Street, 1.204
Washington, DC 20002
(202) 616-3362
Fax: (202) 514-0961


_____
Adam Laurence Goldman
Assistant United States Attorney
1000 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 567-9534
FAX: (713) 718-3303